SPERRY & HUTCHINSON CO. v. ASSOCIATED MERCHANTS' STAMP CO.

(District Court, S. D. New York.   October 7, 1913.)

INJUNCTION (§ 147*)—SUBJECTS OF PROTECTION—INDUCING BREACH OF CONTRACT.

> Evidence *held* to entitle complainant to a preliminary injunction restraining defendant from interfering with subscribers to complainant's trading stamp system and inducing them to break their contracts with complainant.
>
> [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 320-322; Dec. Dig. § 147.*]

In Equity. On motion for preliminary injunction. Granted.

W. Benton Crisp, of New York City, for complainant.

Mark Goldberg, and Louis B. Boudin, both of New York City, for defendant.

LACOMBE, Circuit Judge. On many of the propositions of fact advanced by one side or the other, there is the sharpest sort of controversy—oath against oath. If the decision of all such disputed propositions were essential to a disposition of this motion, the usual course would be to carry such disposition over till the trial, when, with the affiants on the stand and subjected to cross-examination, one might with reasonable certainty determine which of them were lying and which were telling the truth.

Some facts, however, seem quite sufficiently established by these conflicting affidavits.

Complainant had and has contracts with a number of merchants, called subscribers, for the purchase of its trading stamps exclusively and for their use by such subscribers and their customers in a specified way. The form of contract has been set forth in so many reported cases that it is unnecessary to repeat it here. It has been repeatedly held to be a valid and proper contract.

Exactly what these contracts were, in what terms they were expressed, what they provided should be done and should not be done, was fully known to the defendant corporation, which has been organized and is practically managed and its business policy directed by one or more persons who prior to such organization were for some time in the employ of complainant.

Defendant, by its agents, has on several occasions solicited the purchase and use of its own trading stamps by merchants who had already entered into a contract for trading stamps with complainant. That defendant knew these merchants were using complainant's stamps there can be no reasonable doubt. There is nothing secret about such use; the stamps are given away to the great majority of customers; the fact that S. & H. green trading stamps are so given in that particular store is advertised so as to attract the attention of all who enter it.

So, too, there seems no reasonable doubt that defendant, which was familiar with the details of complainant's business, knew that these merchants who were giving S. & H. green stamps had entered into contract relations with complainant, and knew just what those relations were.

That in several instances merchants who were subscribers under contracts with complainant were induced to take defendant's stamps and thus to break their contract with the S. & H. Company is really not disputed. What was said to them by defendant's agents, what arguments were used to persuade them, is a matter vehemently controverted; but it must be assumed that something was said, or the result would not have been accomplished, such result being the taking of defendant's stamps while the merchant's contract with complainant was still in force.

I cannot resist the conclusion that defendant, with full knowledge of the situation, has in several instances successfully solicited subscribers of complainant to break their contracts. Under many authorities that is a trespass upon complainant's rights which a court of equity will enjoin.

A preliminary injunction may issue restraining defendant:

(1) From in any wise interfering with complainant's subscribers and from soliciting or inducing said subscribers to break their contracts with complainant; this, however, shall not be construed so as to interfere with a solicitation of such subscribers to contract for trading stamps with the defendant upon the termination of complainant's contract by lapse of time or by notice of the sort specified in such contract.

(2) From buying, selling, exchanging, trafficking, or in any wise dealing in complainant's trading stamps, its trading stamp books, and its other advertising materials.

There should be an early trial of this cause. A careful examination of the multitudinous affidavits which have been filed indicates that they reek with perjury. It seems impossible to reconcile many of these conflicting statements on any theory of misunderstanding; several persons on one side or the other have apparently lied under oath, knowingly and willfully. It seems quite important that these affiants should be put on the stand at the earliest date possible so that, in case their

examination should indicate the desirability of some action by the district attorney, he may be able to take the matter up while the affidavits are still recent.